UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| POLISH STEAMSHIP COMPANY, and POLSTEAM SHIPPING COMPANY<br><br>Plaintiffs,<br><br>-against-<br><br>NOVEL COMMODITIES S.A.<br><br>Defendant. | Civil Action No. 13-cv-3143 |

[Proposed Form Of]
ORDER FOR ISSUANCE OF PROCESS OF
MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PERSON TO
SERVE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Upon reading the Plaintiffs' Verified Complaint in Admiralty, together with the accompanying Declaration of Edward W. Floyd, dated May 16, 2013, and the Court finding that the conditions set forth in Rule B of the Supplemental Rules for Admiralty or Maritime Claims appear to exist, it is this 3rd day of June 2013, by the United States District Court for the District of New Jersey,

ORDERED that the Clerk shall issue Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint in Admiralty, against all tangible and intangible property belonging to or being held for the Defendant Novel Commodities S.A. ("Defendant"), or in which the Defendant has any property interest whatsoever, including but not limited to vessels and their appurtenances, shares of stock or other financial instruments, bank accounts, proceeds from all types of financial instruments (including but not limited to swaps and other derivatives), any type of collateral, credits, bills of lading, letters of credit, effects, debts and monies (including any funds or other property held in any type of escrow or in reserve), insurance

1

proceeds and claims (whether or not disputed), freights, sub-freights, charter hire, sub-charter hire, demurrage and despatch monies, documents of title, materials, cargo or fuel of any type, judgments or awards or claims, any type of financial obligations, and any other funds or property of any kind, in an amount of up to $~~11,507,642.15~~ $10,007,642.15, as may be held, received or otherwise within the possession, custody or control of any garnishees within this District, including but not limited to Access Global Capital LLC and/or Global Commodities Group, LLC; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court; and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which Plaintiffs shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that a copy of this Order be served with the said Process of Maritime Attachment and Garnishment; and it is further

ORDERED that, pursuant to the provisions of Rule 4(c)(2) of the Federal Rules of Civil Procedure, the said Process of Maritime Attachment and Garnishment may be served by any person, who is at least 18 years old, and who is not a party to this action;

ORDERED, that Edward W. Floyd, or any other partner, associate, paralegal or agent of Eaton & Van Winkle LLP (including professional process servers engaged by Plaintiffs' counsel), who is at least 18 years old and not a party to this action, be and hereby is appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment upon garnishees listed in the Process, together with any other garnishees who,

2

based upon information developed subsequent hereto by the Plaintiffs, may hold assets for or on account of Defendant; and it is further

ORDERED that, following initial service by the United States Marshal or other designated person upon the garnishees, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of telefax transmission or other verifiable electronic means, including email, or by FedEx or similar overnight courier, to each garnishee so personally served and such subsequent service by telefax or email, if transmitted or sent to a garnishee located in this District, shall be deemed to have been made within this District; and it is further

ORDERED that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service (which shall be the time of transmittal for service by electronic means and the time of delivery for service by courier) through the opening of the garnishee's business the next business day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(F) each garnishee may consent, in writing, to accept service by any other means.

Dated: ~~New York, New York~~ Newark, New Jersey
       June ~~May~~ 3rd, 2013

_____
U.S.D.J.